[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

No. 08-15238
Non-Argument Calendar

_____

D. C. Docket No. 05-00137-CR-RWS-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH BREWSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Brewster, a federal prisoner convicted of possessing with the intent

to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, based on Amendment 706 to the Sentencing Guidelines. On appeal, Brewster argues that he should have received a two-level sentence reduction, despite his status as a career offender, in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny.

We review a district court's decision to deny reduction of a defendant's sentence pursuant to § 3582(c)(2) for abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). Under § 3582(c)(2), a district court may not reduce the term of imprisonment of an already incarcerated defendant unless that defendant has been sentenced pursuant to a guideline range "that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 706 provides for a two-level reduction in the base offense level for certain crack cocaine offenses. See U.S.S.G. App. C, Amend. 706. This amendment was effective retroactively as of March 3, 2008. U.S.S.G. App. C, Amend. 713. In Booker, the Supreme Court struck down the statutory provisions that made the Sentencing Guidelines mandatory. Booker, 543 U.S. at 245, 258-60,

2

125 S.Ct. at 756-67, 764-65.  The Supreme Court further clarified that, under the newly advisory Sentencing Guidelines, district courts possess the authority to deviate from the 100-to-1 crack-to-powder cocaine ratio during sentencing. Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007).

In addressing a § 3582(c)(2) motion, a district court must engage in a two-part analysis: (1) by recalculating the sentence based on the amendment, "leav[ing] all other guideline application decisions unaffected;" and (2) by exercising its discretion, based on the 28 U.S.C. 3553(a) factors, to impose a new sentence or to retain the original.  U.S.S.G. § 1B1.10(b)(1); and see United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).  This requirement, however, "is triggered only by an amendment . . . that lowers the applicable guideline range."  U.S.S.G. § 1B1.10, comment. (n.1(A)).

For example, "a reduction under § 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline*.'"  United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quoting U.S.S.G. § 1B1.10, comment. (n.1(A))), cert. denied, (U.S. Jan. 12, 2009) (No. 08-7610).  Accordingly, we held that Amendment 706,

which lowered base offense levels under U.S.S.G. § 2D1.1, could not provide relief to defendants convicted of crack cocaine offenses who were sentenced as career offenders under U.S.S.G. § 4B1.1, because U.S.S.G. § 2D1.1 "played no role" in the calculation of their guideline ranges. Id. at 1327.

This rule also applies to career offenders who received departures for substantial assistance pursuant to U.S.S.G. § 5K1.1, where "the court did not find that the seriousness of [the defendants'] criminal history would be overrepresented by application of § 4B1.1," and there was no indication "that the court based [the defendants'] sentence[s] on the guideline range that would have applied absent the career offender designation." Id. at 1330. Finally, this court has held that Booker does apply in resentencing pursuant to § 3582. United States v. Melvin, __ F.3d __ , 2009 WL 236053 at *3 (11th Cir. Feb. 3, 2009) (holding "that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings" and that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission.").

We conclude that Brewster was not eligible for a § 3582(c)(2) sentence reduction. Amendment 706 did not lower Brewster's applicable guideline range, because his sentence was controlled by the career offender guidelines and the crack

cocaine base offense level ultimately played no role in his sentence. While he received a downward departure, it was based on his substantial assistance pursuant to U.S.S.G. § 5K1.1, rather than the guideline range that would have applied absent the career offender designation or a finding by the district court that U.S.S.G. § 4B1.1 was overly harsh.

Accordingly, the district court did not abuse its discretion by denying Brewster's § 3582(c)(2) motion, and we affirm.

**AFFIRMED.**